**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DRESSER-RAND COMPANY AND DRESSER-
RAND GROUP INC.,

                                    Plaintiffs,

                         -v-

INGERSOLL RAND COMPANY AND INGERSOLL
RAND COMPANY LIMITED,

                                    Defendants.

ECF Case

Case No. _____

## COMPLAINT

Dresser-Rand Company and Dresser-Rand Group Inc. ("Dresser-Rand" or "Plaintiffs"), by

their attorneys, file this Complaint against Ingersoll Rand Company and Ingersoll Rand Company

Limited ("Ingersoll Rand" or "Defendants").

## NATURE OF THE ACTION

1.      This is an action for breach of contract and declaratory judgment under 28 U.S.C.

§ 2201, which arises from Ingersoll Rand's failure to comply with its contractual obligation to

defend, indemnify, and hold Dresser-Rand harmless from asbestos liabilities under two

agreements: (1) the Equity Purchase Agreement entered between Ingersoll Rand and First Reserve

Corporation, on August 25, 2004 (the "Equity Purchase Agreement"), and (2) the December 31,

1986 Organization Agreement between Dresser Industries and Ingersoll Rand (the "Organization

Agreement"), which formed Dresser-Rand.

2.      Dresser-Rand Company was formed in 1987 by Ingersoll Rand Corporation and

Dresser Industries, Inc. as a New York general partnership.  The December 31, 1986 Organization

Agreement requires Ingersoll Rand to defend, indemnify, and hold Dresser-Rand harmless for any

1

claims, losses, or lawsuits arising before Dresser-Rand's formation.  On August 25, 2004, Ingersoll

Rand Company Limited entered into an Equity Purchase Agreement, which requires Ingersoll

Rand to defend, indemnify, and hold Dresser-Rand harmless from all Asbestos Liabilities arising

prior to Closing (October 31, 2004).  Equity Purchase Agreement, § 8.1(a) and § 8.1(e).

3.      The Equity Purchase Agreement defines Asbestos Liabilities as any claim or

Proceeding against Dresser-Rand arising from the sale or use of an asbestos containing product—

or—for any personal injuries caused by the presence of asbestos containing material in any form

or condition at any location where Dresser-Rand (or any of its predecessors) operated or disposed

of any asbestos containing materials.  Equity Purchase Agreement, § 9.10(b).  The Equity Purchase

Agreement does not discriminate between workers' compensation claims or other claims in

requiring that Ingersoll Rand defend, indemnify, and hold Dresser-Rand harmless.

4.      Dresser-Rand made timely demands upon Ingersoll Rand to defend, indemnify, and

hold it harmless from at least five separate workers' compensation "Asbestos Liabilities," but

Ingersoll Rand refuses to do so, arguing that the Equity Purchase Agreement does not apply to

Asbestos Liabilities that are filed as workers' compensation claims.[1]

5.      As a result of Ingersoll Rand's wrongful actions, inactions, and misrepresentations,

Dresser-Rand is entitled to declaratory judgment, an order holding Ingersoll Rand in breach of

contract, equitable relief, damages, and attorneys' fees.  Dresser-Rand is also entitled to an order

requiring Ingersoll Rand to immediately assume Dresser-Rand's defense and to indemnify and

hold Dresser-Rand harmless from past, present, and future Asbestos Liabilities, whether filed as

workers' compensation claims or otherwise.

---

[1]      To the extent there are any new Asbestos Liabilities for which tender has not yet been issued or for which Ingersoll Rand has not issued a response, Dresser-Rand asserts that Ingersoll Rand has an obligation to defend, indemnify, and hold Dresser-Rand harmless from all such liabilities.

6589834v1

**THE PARTIES**

6.      The Plaintiff Dresser-Rand Company is a New York State general partnership, with major manufacturing facilities located in Painted Post, New York, Wellsville, New York, and Olean, New York.

7.      The Plaintiff Dresser-Rand Group Inc., is a corporation incorporated in the State of Delaware, with a principal place of business in the State of Texas.

8.      The Defendant Ingersoll Rand Company is a corporation, incorporated in the State of New Jersey, with a principal place of business in the State of North Carolina.

9.      The Defendant Ingersoll Rand Company Limited is a corporation, incorporated under the laws of Bermuda, with a principal place of business in the State of North Carolina.

**JURISDICTION AND VENUE**

10.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the $75,000.00 jurisdictional threshold, exclusive of interest and costs, and there is complete diversity between the parties.

11.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12.      Venue is also proper pursuant to the contractual forum selection clause in Section 9.14 of the Equity Purchase Agreement.

**FACTS RELEVANT TO THE CLAIMS**

I.      The History and Formation of Dresser-Rand Company

13.      Dresser-Rand Company was formed on December 31, 1986 as an equally-owned joint venture between Dresser Industries and Ingersoll Rand.  The newly formed company had approximately 10 manufacturing and testing facilities, 70 sales offices, 30 service centers and more than 7,300 employees.

6589834v1

14.     In September 1999, Dresser Industries merged with Halliburton Industries, and transferred its 51% ownership interest of Dresser-Rand Company to Halliburton.   Due to agreements made in the original joint venture with Ingersoll Rand, Dresser Industries, then a unit of Halliburton, was required to either purchase the remaining interest in Dresser-Rand Company or sell it to Ingersoll Rand.  In February 2000, the 51% ownership of Dresser-Rand Company was sold to Ingersoll Rand, making Ingersoll Rand the sole equity holder of Dresser-Rand Company.

15.     On August 25, 2004, First Reserve Corporation entered into the Equity Purchase Agreement with Ingersoll Rand whereby First Reserve Corporation purchased all equity interests in Dresser-Rand Company.

II.     Ingersoll Rand's Indemnification Obligations to Dresser-Rand

16.     Under the Organization Agreement, Ingersoll Rand is required to defend, indemnify, and hold Dresser-Rand harmless from all workers' compensation liabilities arising on or before December 31, 1986.  Organization Agreement, § 3.1.5(c).

17.     The Organization Agreement also requires Ingersoll Rand to defend, indemnify, and hold Dresser-Rand harmless from all liabilities arising from any Ingersoll Rand products or operations, and from any claims against Dresser-Rand as a successor to Ingersoll Rand. *Id.* §§ 3.3(a) and 4.4.3.

18.     Ingersoll-Rand's obligations are further established by the Equity Purchase Agreement, which requires it to defend, indemnify, and hold Dresser-Rand harmless from all Asbestos Liabilities.  Equity Purchase Agreement, §§ 8.1(a), 8.1(e), and 9.10(b).

19.     The Asbestos Liabilities at issue in this lawsuit *arise out of* alleged exposures by five former Dresser-Rand employees, which occurred prior to Closing.  Therefore, those Asbestos Liabilities fall squarely within Ingersoll Rand's defense and indemnification obligations to

4

Dresser-Rand.  *See* Equity Purchase Agreement, §§ 8.1(a), 8.1(e), and 9.10(b) and Organization Agreement, §§ 3.1.5(c), 3.3(a), and 4.4.3.

20.     Dresser-Rand is also entitled to recover all costs and attorneys' fees associated with defending these Asbestos Liabilities and in prosecuting this action against Ingersoll Rand for indemnification.  Equity Purchase Agreement, § 8.1(a) and Organization Agreement, §§ 3.1.5(c), 3.3(a), and 4.4.3.

III.     Dresser-Rand's Attempts to Secure Indemnification from the Asbestos Liabilities

21.     Dresser-Rand issued demands for defense and indemnification to Ingersoll Rand as follows:

22.     On May 13, 2014, Dresser-Rand—pursuant to the notice provisions of the Equity Purchase Agreement—placed Ingersoll Rand on notice via letter of its demand for defense, indemnification, and to be held harmless from the Asbestos Liabilities arising from three claims. The notice letter set forth the details of each claim and provided supporting documentation from the Workers' Compensation Board.

23.     The first claim concerns a former employee of Dresser-Rand who was last employed by Dresser-Rand in May 2004.  The claim alleges the employee was exposed to asbestos during his employment with Dresser-Rand prior to 2001.  Under the Equity Purchase Agreement, Ingersoll Rand must defend, indemnify, and hold Dresser-Rand harmless from all Asbestos Liabilities arising before October 31, 2004.  This asbestos claim falls squarely within Ingersoll Rand's obligations, and Ingersoll Rand is in breach of the duties that it owes to Dresser-Rand under the Equity Purchase Agreement.

24.     The second claim concerns a former employee of Dresser-Rand who was last employed by Dresser-Rand in August 2001.  The claim alleges that the employee was exposed to

asbestos during his employment with Dresser-Rand prior to 2001. Under the Equity Purchase Agreement, Ingersoll Rand must defend, indemnify, and hold Dresser-Rand harmless from all Asbestos Liabilities arising before October 31, 2004. This asbestos claim falls squarely within Ingersoll Rand's obligations, and Ingersoll Rand is in breach of the duties that it owes to Dresser-Rand under the Equity Purchase Agreement.

25.     The third claim concerns a former employee of Dresser-Rand who was last employed by Dresser-Rand in 2008, but the employee alleges that the employee was exposed to asbestos during the employee's employment with Dresser-Rand between 1987 and 2003. Under the Equity Purchase Agreement, Ingersoll Rand must defend, indemnify, and hold Dresser-Rand harmless from all Asbestos Liabilities arising before October 31, 2004. This asbestos claim falls squarely within Ingersoll Rand's obligations, and Ingersoll Rand is in breach of the duties that it owes to Dresser-Rand under the Equity Purchase Agreement.

26.     Ingersoll Rand ignored the original tender, so on January 13, 2015, Dresser-Rand issued a supplemental tender updating the amounts that Dresser-Rand had been caused to pay in satisfaction of these obligations, which rightfully belong to Ingersoll Rand.

27.     Ingersoll Rand continues to ignore those tenders.

28.     On January 19, 2017, Ingersoll Rand attempted to tender to Dresser-Rand the Asbestos Liability arising from a different employee's workers' compensation claim. On January 24, 2017, Dresser-Rand responded via letter by denying Ingersoll Rand's tender and counter-tendering the claim back to Ingersoll Rand.

29.     The alleged asbestos exposure is claimed to have occurred between 1987 and 1992 while working for Dresser-Rand and between 1993 and 1999 while working for Ingersoll Dresser Pump Company. This claim fall squarely within Ingersoll Rand's defense and indemnification

6589834v1

obligations because it is an Asbestos Liability arising from events that occurred prior to closing (October 31, 2004). Yet, Ingersoll Rand refuses to honor its obligations.

30.     On October 24, 2017, Ingersoll Rand's associate general counsel emailed Dresser-Rand's outside counsel at Porter Hedges LLP to advise that Ingersoll Rand was placing Dresser-Rand's third-party administrator on notice of yet another workers' compensation asbestos claim.

31.     Although Ingersoll Rand made clear that it will not defend and indemnify Dresser-Rand from this claim, Dresser-Rand tendered that claim back to Ingersoll Rand as required by the Equity Purchase Agreement via letter on March 21, 2018.

32.     On April 3, 2018, Ingersoll Rand responded that it would not accept tender of its obligation to defend and indemnify Dresser-Rand from this matter.

33.     The parties have been unable to reach an agreement as to this ongoing controversy in relation to Ingersoll Rand's defense and indemnity obligations, and therefore, this action is now timely brought.

34.     As a result of Ingersoll Rand's wrongful refusal to accept its obligations, Dresser-Rand has been caused significant damages associated with the defense and payment of claims from which Ingersoll Rand was obligated to defend, indemnify, and hold Dresser-Rand harmless.

## CONDITIONS PRECEDENT

35.     All conditions precedent to the filing of this lawsuit have been satisfied, and this matter is a ripe and justiciable controversy.

36.     The Organization Agreement and Equity Purchase Agreement provide that Dresser-Rand be defended, indemnified and held harmless by Ingersoll Rand from all Asbestos Liabilities, including those workers' compensation Asbestos Liabilities described above.

6589834v1

37.     Dresser-Rand satisfied the notice requirements of the Equity Purchase Agreement. *See* Equity Purchase Agreement, §§ 8.1(e) and 9.6.

38.     Ingersoll Rand has repudiated its defense and indemnification obligations, making this a ripe and justiciable controversy.

### FIRST CLAIM: BREACH OF CONTRACT

39.     Dresser-Rand repeats the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.     Ingersoll Rand breached the terms of the Organization Agreement and Equity Purchase Agreement with Dresser-Rand by refusing to defend and indemnify Dresser-Rand from numerous Asbestos Liabilities, which arise directly from alleged exposures to asbestos occurring during the periods for which Ingersoll Rand must defend, indemnify, and hold Dresser-Rand harmless.

41.     Ingersoll Rand further breached the terms of the Equity Purchase Agreement and Organization Agreement by refusing to reimburse Dresser-Rand for costs and attorneys' fees that it has and will incur in defending the numerous Asbestos Liabilities listed above, and in pursuing this current lawsuit.

42.     Dresser-Rand has suffered direct and consequential damages by reason of Ingersoll Rand's breach in an amount in excess of all jurisdictional limits and to be determined at trial.

### SECOND CLAIM: ANTICIPATORY BREACH OF CONTRACT

43.     Dresser-Rand repeats the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.     Ingersoll Rand is liable for anticipatory breach because it has repudiated its Equity Purchase Agreement and Organization Agreement with Dresser-Rand by disavowing its

6589834v1

contractual obligations before performance was due. More particularly, Ingersoll Rand has repudiated its obligation to defend, indemnify and hold Dresser-Rand harmless from numerous Asbestos Liabilities. Equity Purchase Agreement, §§ 8.1(a), 8.1(e), and 9.10(b) and Organization Agreement, §§ 3.1.5(c), 3.3(a), and 4.4.3.

45.     Dresser-Rand has, continues to, and will suffer direct and consequential damages by reason of Ingersoll Rand's anticipatory breach in an amount in excess of all jurisdictional limits and to be determined at trial.

### THIRD CLAIM: DECLARATORY JUDGMENT

46.     Dresser-Rand repeats the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.     A dispute has arisen between Dresser-Rand and Ingersoll Rand over the parties' respective rights and obligations under the Equity Purchase Agreement and Organization Agreement.

48.     This case presents a present and continuing justiciable controversy concerning the rights of Dresser-Rand and Ingersoll Rand under those agreements.

49.     Dresser-Rand is entitled to judgment declaring that Ingersoll Rand breached the terms of those agreements.

50.     Specifically, Dresser-Rand is entitled to judgment declaring that Ingersoll Rand breached its duty to defend, indemnify, and hold Dresser-Rand harmless from all Asbestos Liabilities, including those workers' compensation Asbestos Liabilities, which Ingersoll Rand has repudiated.

6589834v1

51. Dresser-Rand is entitled to a judgment declaring that Ingersoll Rand is obligated to reimburse Dresser-Rand for all damages arising from Ingersoll Rand's breach of the Equity Purchase Agreement and Organization Agreement.

52. Dresser-Rand is further entitled to a judgment declaring that Ingersoll Rand is obligated to defend, indemnify, and hold Dresser-Rand harmless from all future Asbestos Liabilities—including workers' compensation Asbestos Liabilities—where the alleged asbestos exposure occurred prior to October 31, 2004.

## REQUEST FOR ATTORNEYS' FEES

53. Dresser-Rand repeats the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. Ingersoll Rand has a contractual obligation to reimburse Dresser-Rand for all attorneys' fees, costs, disbursements, and other expenses associated with Dresser-Rand's defense of the Asbestos Liabilities and with its prosecution of this action for defense and indemnification against Ingersoll Rand. Equity Purchase Agreement, § 8.1(a) and Organization Agreement, §§ 3.1.5(c), 3.3(a), and 4.4.3 (each providing for reimbursement of costs and attorneys' fees).

55. Dresser-Rand has been forced to file this lawsuit against Ingersoll Rand because of Ingersoll Rand's refusal to honor its bargained for obligations to defend, indemnify, and hold Dresser-Rand harmless from Asbestos Liabilities.

56. Accordingly, Dresser-Rand is entitled to an award of its attorneys' fees, costs, disbursements, and other expenses incurred in both this litigation and in defense of the Asbestos Liabilities, as provided for by contract and applicable law.

6589834v1

WHEREFORE, the Plaintiffs, Dresser-Rand Company and Dresser-Rand Group Inc., request that judgment be entered against the Defendants, Ingersoll Rand Company and Ingersoll Rand Company Limited, individually and collectively, as follows:

1.  On Plaintiffs' First Claim for Breach of Contract, damages in excess of $75,000, plus interest, costs, and attorneys' fees;

2.  On Plaintiffs' Second Claim for Anticipatory Breach of Contract, damages in excess of $75,000, plus interest, costs, and attorneys' fees;

3.  On Plaintiffs' Third Claim for Declaratory Judgment, an Order declaring that Defendants are required to defend, indemnify, and hold Dresser-Rand harmless from these and all future Asbestos Liabilities including those arising in the form of workers' compensation claims;

4.  On Plaintiffs' Third Claim for Declaratory Judgment, an Order further declaring that the Defendants breached the Equity Purchase Agreement and Organization Agreement and are liable to the Plaintiffs for all damages resulting therefrom;

5.  Exemplary damages, to the extent permitted by law;

6.  Pre-judgment and post-judgment interest;

7.  Attorneys' fees and costs;

6589834v1

8.     Together with such other and further relief as this Court deems to be just, proper,

and equitable.

Dated: New York, New York
       April 13, 2018

                                        Respectfully submitted,

                                        **BINDER & SCHWARTZ LLP**


                                        By: /s/Wendy H. Schwartz
                                            Wendy H. Schwartz
                                            Tessa B. Harvey
                                            366 Madison Avenue, 6th Floor
                                            New York, New York 10017
                                            Telephone:  (212) 510-7143
                                            Facsimile:   (212) 510-7299
                                            Email: wschwartz@binderschwartz.com
                                            Email: tharvey@binderschwartz.com


                                        **PORTER HEDGES LLP**

                                            Kyle C. Reeb (to be admitted *pro hac vice*)
                                            1000 Main Street, 36th Floor
                                            Houston, Texas 77002-6336
                                            Telephone:  (713) 226-6625
                                            Facsimile:   (713) 226-6225
                                            Email: kreeb@porterhedges.com

                                        *Attorneys for Plaintiffs Dresser-Rand Company and
                                        Dresser-Rand Group Inc.*

6589834v1